OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas.
On March 12, 1998, defendant-appellant Dionetta Jones entered a plea of no contest to one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(b), a third degree felony. The trial court found appellant guilty and sentenced her to a two year prison term. Appellant now appeals, setting forth the following assignment of error:
 "THE OFFICER OR OFFICERS LACKED REASONABLE ARTICULABLE SUSPICION FOR AN INVESTIGATIVE STOP."
Appellant filed a motion to suppress the evidence of drugs found in her possession. A suppression hearing was held on March 9, 1998. At the hearing, Detective Michael J. Awls testified that he had been a detective with the Toledo Police Department and assigned to the drug task force for approximately twelve years. Awls testified that on January 19, 1998, at about 3:00 p.m., he received a telephone call from a confidential informant who stated that a narcotics deal was going to occur at Sikeston's Treasures, a new and used furniture store, at Dorr Street and Eversham Court in Toledo, Lucas County, Ohio. The store had been the subject of an ongoing narcotics trafficking investigation. The informant, who had supplied Awls with reliable information for over two and one-half years, stated that a black woman, in a gray or green Buick Skylark, would arrive at Sikeston's, enter the store, and leave with dilaudid, a controlled substance.
Within one hour after speaking with the informant, Awls was under surveillance of the store, in an unmarked van, when a vehicle pulled up matching the informant's description. Two black women entered the store and exited after approximately four minutes. Once the vehicle pulled away, Awls radioed a uniformed crew to stop the vehicle. Appellant was stopped and a records check revealed that she had an outstanding bench warrant. Appellant was searched and dilaudid was found on her person.
In her sole assignment of error, appellant contends that the trial court erred in denying her motion to suppress based upon the fact that the officers lacked a reasonable, articulable suspicion to stop appellant's vehicle.
Where a police officer has a reasonable suspicion of criminal activity, based upon specific and articulable facts, the officer may make a brief, investigative stop. Terry v. Ohio
(1968), 392 U.S. 1. The propriety of such a stop is determined upon review of the totality of the circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph two of the syllabus, certiorari denied (1988), 488 U.S. 910.
Officer Awls testified that he had reason to believe that appellant had purchased narcotics based upon information from a confidential informant with whom he had worked for over two and one-half years; the vehicle which met the informant's description; evidence of past drug trafficking on the premises; and the short period of time appellant was in the store. This court has found that information supplied by a confidential informant may constitute an articulable fact upon which reasonable suspicion may be based. State v. Kobi (1997), 122 Ohio App.3d 160, 168-169. Further, information from a confidential informant which is later corroborated by police observation constitutes reasonable suspicion. State v. Abrams (Nov. 1, 1996), Sandusky App. No. S-95-053, unreported, citing Alabama v. White (1990),496 U.S. 325, 330.
Upon review of the evidence before the trial court at the suppression hearing, the reasonable inferences therefrom, and the applicable law, the court finds that the state did establish articulable facts giving rise to a reasonable suspicion sufficient to stop appellant's vehicle. Accordingly, the trial court did not err in denying appellant's motion to suppress. Appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.